DEMETRIO VARELA and TOMÁS SANTIAGO ONDARZA, Plaintiffs and Appellants *v.* MUNICIPAL ASSEMBLY OF ARROYO, Defendant and Appellee.

No. 3787. Argued February 10, 1926.—Decided June 4, 1926.

510

*Salvador Mestre* and *C. Domínguez Rubio* for the appellants. *Manuel A. Martínez Dávila* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

This is an appeal from that part of the judgment that imposed costs. The appellants say that the certiorari against municipalities given by the Act of 1919 does not fall within the provisions of section 327 of the Code of Civil Procedure, as this section only contemplated existing actions. The words of section 327 are very general. They say "Parties to actions or proceedings are entitled to costs," etc. The Code of Civil Procedure is fundamental law for all actions, unless a contrary intent appears. Section 50 of the same Code makes the word "action" apply to a "special proceeding of a civil nature," as was the certiorari in this case. Hence the court was entitled to award costs.

The Municipality of Arroyo sought to impose a tax on the manufacture of sugar by means of an ordinance. The ordinance was sustained by the District Court of Guayama and by this court, but reversed by the Court of Appeals. Then the municipality annulled the ordinance with a retroactive effect, so that no one would pay a tax thereunder. A certiorari to the Supreme Court of the United States having been allowed, two citizens filed a certiorari in the District Court of Guayama to annul the revoking ordinance. The certiorari for annulment of the ordinance was issued, but it is asserted that before the case came to be tried on its merits the Supreme Court of the United States had affirmed the judgment of the Circuit Court of Appeals.

We are of the opinion that at least after the decision of the Circuit Court of Appeals the municipality had a right to abrogate or annul a doubtful ordinance. We incline to the view that a municipal assembly, like a legislature, may

annul a tax ordinance with retroactive effect, even if there had been no attack on its validity, and the appellants have cited us nothing to the contrary. It then makes little difference how improper were the motives of the assembly in canceling the ordinance or how good and patriotic the appellants were in trying to maintain the taxation. The municipality was unduly vexed with a suit, it would appear. Not only is this so, but it would seem that the appellants continued to defend the case, even after the decision of the United States Supreme Court. This is matter of date and was not denied.

In any event we see no reason to interfere with the discretion of the district court and the judgment appealed from must be affirmed.